# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Levi Brown, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:22-542-RMG |
| vs. ) | |
| ) | |
| Kilolo Kijakazi, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on December 14, 2022 recommending that the Commissioner's decision be reversed and remanded because the Administrative Law Judge failed to evaluate or reconcile conflicting record evidence in making the RFC assessment.. (Dkt. No. 10). The Commissioner filed no objections to the R & R.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that the Administrative Law Judge did not properly evaluate or reconcile conflicting evidence regarding Plaintiff's RFC.  As such, there are not sufficient factual findings for the Court on appeal to make a substantial evidence review. The Court adopts the R & R of the Magistrate Judge (Dkt. No. 10) as the order of the Court.  On remand, the Administrative Law Judge must consider the full record regarding Plaintiff's left upper extremity limitations and explain and reconcile any conflicting evidence to build a logical bridge between the evidence and the conclusions.

**Conclusion**

Based on the foregoing, the Court **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) and **REMANDS** the matter to the Commissioner for further administrative proceedings consistent with this order.

AND IT IS SO ORDERED.

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

Charleston, South Carolina  
January 3, 2023